**Chunhong XU; Shihui Li, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73770.

**Agency Nos. A75–598–563, A75–598–564.**

United States Court of Appeals, Ninth Circuit.

Submitted July 30, 2004.*

Decided Aug. 26, 2004.

R.App. P. 34(a)(2).

Jonathan D. Montag, Law Offices of Jonathan D. Montag, San Diego, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Executive Office of Immigration Review, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Allen W. Hausman, Attorney, Thomas C. Lederman, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM**

Married petitioners Chunhong Xu and Shihui Li are natives and citizens of China who seek asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Immigration Judge ("IJ") Anthony Atenaide denied relief, and the Board of Immigration Appeals ("BIA") affirmed without opinion. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review and remand.

The IJ made adverse credibility findings against Xu and Li. We review the grounds supporting the IJ's findings for substantial evidence. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 658 (9th Cir.2003); *see also Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003) (explaining that in streamlined cases, we review the IJ's decision as the final agency determination).

■ Several of the grounds cited by the IJ rest on "speculation and conjecture," rather than substantial evidence. *Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000) ("Speculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence."). There is no reason to believe that Xu "had no remorse in leaving her children in China." Nor is it "extremely unbelievable" that Xu did not know where her husband was at the times she claims to have experienced a forced abortion and an attempted sterilization.[1] Moreover, the IJ's expectation that Xu provide the exact date she discovered her eldest son is mute is unwarranted, particularly as Xu responded with an approximation that relied on concrete events.

■ The IJ found it "implausible" that Xu "would go through so much alleged persecution" but would "refuse[ ] to pay a . . . fine in order to register her child at school." Given that Xu was put through so many bureaucratic hoops, however, there is nothing implausible in her explanation that she was afraid her child would not be allowed to register even if she did pay the fine. The IJ's speculation about how a person in Xu's position should have behaved does not constitute substantial evidence. *See id.; see also Lopez–Reyes v. INS,* 79 F.3d 908, 912 (9th Cir.1996) (holding that an IJ's "astonishment" regarding aspects of the petitioner's testimony was "personal conjecture" that could not "substitute for substantial evidence").

■ Other alleged inconsistencies in Xu's asylum application and her testimony do not "go to the heart" of petitioners' asylum claim. *Guo v. Ashcroft,* 361 F.3d 1194, 1201 (9th Cir.2004). Whether the forced abortion was performed by two doctors, or a doctor and a nurse, and whether family planning unit members were in the operating room or outside during this traumatic event, are facts immaterial to a determination of whether Xu was subjected to forced medical procedures. *See Wang v. Ashcroft,* 341 F.3d 1015, 1021 (9th Cir. 2003).

■ Similarly, Xu's confusion about her children's ages does not vitiate the credibility of her testimony. "[D]iscrepancies in dates which reveal nothing about an asylum applicant's fear of his safety . . . [are] minor inconsistencies that cannot form the basis of an adverse credibility

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We do not perceive an inconsistency between Xu's statements that at the time of the attempted sterilization she did not know where her husband was, but "he told me later that he was getting more merchandise."

finding." *Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000) (internal quotation marks omitted). Two of Xu's children had birthdays within a week of the asylum hearing, and Xu mentioned the Chinese practices of counting ages from one year at birth and of adding a year at the time of the New Year's celebration, rather than on a child's birth date. In this context, Xu's slight inaccuracies "cannot be viewed as attempts ... to enhance her claims of persecution." *Wang*, 341 F.3d at 1022.

Finally, the IJ's use of a State Department report to discredit Xu's testimony does not constitute substantial evidence. We permit "the use of a country report to discredit a general assertion made by an applicant regarding the context in which his alleged persecution took place." *Chebchoub v. INS*, 257 F.3d 1038, 1044 (9th Cir.2001). The statements contained in the relevant report are not, however, sufficiently individualized to uphold an adverse credibility finding. *Cf. id.* (explaining that an "individualized analysis" is required). The report's description of conditions in Guangdong province, which refers to a "two child policy," is insufficient to refute Xu's testimony about what happened to her after she gave birth to *three* children.

Based on Li's brief testimony, the IJ also made an adverse credibility finding about him. Li's inability to explain exactly how Chinese authorities would learn of his asylum claim, and his lack of memory as to his whereabouts when Xu was, in the IJ's words, "suffering these terrible tragedies," do not "bear a legitimate nexus" to the claims at issue. *See Mendoza Manimbao*, 329 F.3d at 660.

In sum, a reasonable factfinder would be compelled to reverse the IJ's adverse credibility findings. *See Lopez–Reyes*, 79 F.3d at 911 (explaining that we uphold an IJ's credibility finding unless the evidence com-

pels a contrary result). Xu and Li have thus established their eligibility for asylum, as Xu proved past persecution with her credible testimony, and the government has not rebutted the presumption of a well-founded fear of future persecution. 8 U.S.C. § 1101(a)(42) ("[A] person who has been forced to abort a pregnancy ... shall be deemed to have been persecuted on account of political opinion[.]"); *see also Ge v. Ashcroft*, 367 F.3d 1121, 1127 (9th Cir.2004) (holding that a husband is eligible for asylum if his wife was forced to undergo an abortion); *Wang*, 341 F.3d at 1023 (explaining that a remand to determine eligibility is unnecessary when the petitioner's asylum claim turns on forced abortions or sterilization and the IJ's adverse credibility finding is not supported by substantial evidence). The Attorney General shall exercise his discretion in determining whether to grant asylum. *See id.* at 1023.

We remand petitioners' withholding and CAT claims for additional consideration, as we cannot say that Xu and Li have "necessarily met the more stringent standard[s]" for those forms of relief. *He v. Ashcroft*, 328 F.3d 593, 604 (9th Cir.2003) (reaching a similar result and explaining that withholding requires proof of a "clear probability" of future persecution); *see also Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001) (holding that in order to be eligible for CAT relief, the petitioner must prove that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal") (internal quotation marks omitted).

**PETITION FOR REVIEW GRANTED; REMANDED.**